IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

UNITED STATES OF AMERICA,  :
:
:
v.  :
:  5:00-CR-68 (HL)
WILLIAM LANIER HAYES,  :
:
Defendant.  :

# ORDER

Before the Court is Defendant's "Motion for Reconsideration for 'Nunc Pro Tunc' Designation." (Doc. 186). In it, Defendant requests that "the court reconsider [its] position [concerning] a 'nunc pro tunc.' " See Doc. 186. It is not clear what Defendant is requesting be "reconsidered," since no motion has been filed since judgment was ordered against him on March 13, 2002. It appears from the documentation attached to the Motion, however, that after receiving his federal sentence, he was sentenced in state court for state violations. Defendant now seeks credit towards his federal sentence for time served in state court.

The Federal Bureau of Prisons does have the discretion to grant the type of relief Petitioner seeks by deciding that "the state prison in which [the defendant] served his sentence should be designated as a place of federal confinement *nunc pro tunc*. Barden v. Keohane, 921 F.2d 476, 478 (3rd Cir. 1990). Although this relief may be available in Defendant's case, a *nunc pro tunc* designation is made by

the Bureau of Prisons, not by the district court.[1]

Terms of imprisonment are calculated according to 18 U.S.C. § 3585(b). This statute does not, however, grant jurisdiction to district courts to perform this calculation. To the contrary, the Supreme Court of the United States, in construing § 3585(b), held that the statute does not authorize a district court to award credit at sentencing. United States v. Wilson, 503 U.S. 329, 333 (1992). Instead, the Bureau of Prisons, acting on behalf of the Attorney General, must make the determination of how much credit is to be given. Id. at 335.

In fact, Hayes concedes in his Motion that the district court cannot make the designation. He states that he knows "the court[] does not have the authority to grant the credit," but he nonetheless maintains that "the court[']s position on this matter would be of great assistance to [him] once the [Bureau of Prisons] see[s] that the court has no objections to" his request. See Doc. 186. The Court, however, has no authority to register objections or recommendations to the Bureau of Prisons for *nunc pro tunc* designations. Defendant's Motion is therefore denied.

---

[1]Although the Bureau of Prisons must make the determination in the first place as to how much credit is to be given under § 3585(b), a prisoner who believes he is entitled to more credit may pursue his administrative remedies with the Bureau of Prisons. Only after a prisoner has exhausted his administrative remedies may he seek review of the Bureau's decision by filing a habeas corpus petition. United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005); s*ee also* United States v. Herrera, 931 F.2d 761, 764 (11th Cir. 1991). This is not, however, the posture of the present case.

**SO ORDERED**, this the 15th day of May, 2008.

*s/   Hugh Lawson*

**HUGH LAWSON, Judge**

tch